IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **GREATER NEW YORK MUTUAL INSURANCE COMPANY**<br>200 Madison Avenue<br>New York, NY 10016 | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.:_____ |
| **C&S MECHANICAL, LLC**<br>100 West Road, Ste. 300<br>Towson, Maryland 21204 | * | |
| Serve on: Martin F. Cadogan<br>100 West Road, Ste. 300<br>Towson, Maryland 21204 | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW Plaintiff, the Greater New York Mutual Insurance Company ("GNY"), through counsel, and hereby files this civil action against C&S Mechanical, LLC ("C&S"), and in support thereof, states as follows:

## NATURE OF THE ACTION

This is a subrogation action for damages arising out of negligent plumbing work performed on the thirteenth floor of a condominium that caused substantial water damage to a condominium building located at 3908 North Charles Street, Baltimore, Maryland 21218. GNY paid for the cost of repair pursuant to the policy of insurance in place at the time of the loss, and now seeks to recover from the Defendant the extent of those payments.

1

## PARTIES

1. Plaintiff, the Greater New York Mutual Insurance Company ("GNY") is an insurance company organized under the laws of the State of New York, with its principal place of business in New York, NY, and has a certificate of authority to conduct the business of insurance in Maryland.

2. At all relevant times, GNY provided insurance coverage to WP&M Real Estate Group, LLC, for the property located at 3908 North Charles Street, Baltimore, Maryland 21218, subject to the terms and conditions of a Policy of insurance (the "Policy").

3. At all relevant times, C&S Mechanical, LLC, is and was a Maryland limited liability company that is organized under the laws of Maryland with its principal place of business in Maryland.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a). This is a civil action where jurisdiction is founded on diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(a) as a substantial part of the events giving rise to the claim occurred in Maryland.

6. This Court has personal jurisdiction over C&S under the Due Process clauses of the fifth and fourteenth amendments to the U.S. Constitution because it is domiciled in Maryland, transacted the business giving rise to this claim in Maryland, supplied services giving rise to this claim in Maryland, and caused tortious injury in Maryland by an act or omission in Maryland.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, WP&M Real Estate Group, LLC managed the Warrington Condominium located at 3908 North Charles Street, Baltimore, Maryland 21218 (the "Property").

8. The Property is a thirteen (13) floor residential building consisting of forty-six condominium units. The penthouse unit ("Unit 1301") was located on the thirteenth floor and was renovated in 2018.

9. Miller Contracting Group, LLC was the general contractor retained to perform the renovations to Unit 1301.

10. Miller Contracting Group, LLC, subcontracted with C&S to perform the required plumbing alterations and mechanical work in Unit 1301.

11. In August 2018, C&S modified the plumbing in Unit 1301's mechanical closet. C&S cut the nominal 1.25-in diameter copper pipe that had previously been used as part of the domestic cold-water supply to a water heater, and connected a new elbow and reduced branch line, which terminated in a boiler type drain valve. The initial purpose of the drain valve was to allow the masonry contractor to access the water supply while performing work in Unit 1301. Renovation work continued in Unit 1301 into January 2019.

12. On January 22, 2019, the property sustained a severe water leak. Investigation revealed the leak was coming from Unit 1301. The leak flooded Unit 1301 and many other units in the building. The leak originated in the upper section of the cold-water supply riser and the source of the leak was in the bottom half of a ball valve on the riser.

13. C&S failed to properly support and protect the subject cold-water supply riser pipe in Unit 1301 after it was modified it in August 2018. To the contrary, the piping was not supported or attached to the wall.

14. The applicable standard of care requires that plumbing valves be protected against bending and stresses acting perpendicular to the pipe axis while in service.

15. C&S also failed to consider the intended use and potential applied loads on the subject pipe when it modified the pipe in August 2018.

16. The applicable standard of care requires C&S to have considered intended use and potential applied loads on the subject pipe when they modified it in August 2018 because the work performed by C&S, in this instance, changed the intended use of the subject piping and any existing pipe supports could not have been assumed to be sufficient to protect the newly created riser pipe against stress and strain.

17. C&S also failed to properly protect the subject cold-water supply riser pipe against freezing prior to the incident on January 22, 2019. The Baltimore, Maryland area experienced sustained temperatures below 32 °F in December 2018 and January 2019. The average temperature on January 21, 2019, was approximately 16 °F. The average temperature on January 22, 2019, was approximately 22 °F. The window in the mechanical closet was reportedly removed. In performing its work, C&S failed to properly use heat trace cable or another freeze protection applied to the pipe.

18. Therefore, C&S: 1) failed to properly protect the subject riser pipe against stress and strain; and 2) failed to properly protect the subject riser pipe against freezing.

19. C&S's improper modifications to the plumbing system caused the severe leak on January 22, 2019.

20. The water caused severe and extensive water damage to the Property in an amount well in excess of $700,000.00.

21. At all times material hereto, Plaintiff GNY provided property insurance to WP&M Real Estate Group, LLC for the Property, pursuant to a policy of insurance.

22. Pursuant to the terms and conditions of the Policy, GNY paid WP&M Real Estate Group, LLC for property damage due and owing under the Policy.

23. In accordance with the common law principles of equitable and/or legal subrogation, as well as the terms and conditions of the Policy, GNY is subrogated to the rights of WP&M Real Estate Group, LLC to the extent of its payments.

## Count 1
### Negligence

24. GNY adopts by reference and incorporates each and every allegation set forth above as though fully set forth herein.

25. C&S had a duty to safely and properly perform the required plumbing alterations and mechanical work in Unit 1301.

26. C&S breached its duty to safely and properly perform the required plumbing alterations and mechanical work in Unit 1301.

27. As a direct and proximate result of C&S's negligence and carelessness, the subject pipe in Unit 1301 failed, causing severe and extensive damage to the Property.

28. The aforementioned pipe failure and the resulting damages sustained by WP&M Real Estate Group, LLC, was directly and proximately caused by the negligence, carelessness, recklessness, gross negligence, and/or omissions of C&S, both generally and in the following particulars:

    (a) causing or allowing a water damage to occur at the Property;

    (b) failing to exercise reasonable care when performing the required plumbing alterations and mechanical work in Unit 1301;

    (c) failing to properly protect eh subject riser pipe against stress and strain;

    (d) failing to properly protect the subject riser pipe against freezing;

    (e) failing appropriately test the plumbing components of the property after performing work on them;

    (f) failing to properly supervise the work performed to Unit 1301;

    (g) causing or allowing a water hazard to exist within the Property;

    (h) otherwise failing to use due care under the circumstances.

29. The water caused severe and extensive water damage to the Property in an amount well in excess of $700,000.00.

30. Pursuant to the terms and conditions of the Policy, GNY paid WP&M Real Estate Group, LLC for property damage due and owing under the Policy.

31. In accordance with the common law principles of equitable and/or legal subrogation, as well as the terms and conditions of the Policy, GNY is subrogated to the rights of WP&M Real Estate Group, LLC to the extent of its payments.

**WHEREFORE,** Plaintiff, Greater New York Mutual Insurance Company, demands judgment against Defendant, C&§ Mechanical, LLC, in an amount in excess of seventy-five thousand dollars ($75,000.00) in damages, plus costs, prejudgment interest, post-judgment interest, and any other relief the Court deems just and proper.

Respectfully submitted,

/s/  Bryant S. Green
V. Timothy Bambrick (# 01186)
Bryant S. Green, Esq. (#19752)
NILES, BARTON & WILMER, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD 21202
Tel.: (410) 783-6421
(410) 783-6478 – *facsimile*
vtbambrick@nilesbarton.com
bsgreen@nilesbarton.com
*Attorneys for Plaintiff*
*Greater New York Mutual Insurance Company*

4849-1717-1131, v. 1