IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GREATER NEW YORK MUTUAL** | * |
| **INSURANCE COMPANY** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   Civil Case No. SAG-20-1251 |
| | * |
| **C&S MECHANICAL, LLC,** | * |
| | * |
| **Defendant/Third-Party Plaintiff.** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this construction case, Plaintiff Greater New York Mutual Insurance Company ("Plaintiff") seeks reimbursement in subrogation for alleged water damage sustained at the Warrington condominium building ("the Warrington"), which it insures. ECF 24. On December 14, 2020, defendant C&S Mechanical, LLC ("C&S") filed a Second Amended Third-Party Complaint ("SATPC") naming several third-party defendants, seeking contribution and indemnification for any liability it may incur in the underlying lawsuit. ECF 34. Two of those third-party defendants, Larry E. Jennings, Jr. ("Jennings") and Keun Majin, LLC ("Keun Majin") have filed motions to dismiss the SATPC. ECF 47, 48. I have reviewed those motions, and the oppositions filed by C&S. ECF 50, 51. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the motions to dismiss will be granted.

I.  **FACTUAL BACKGROUND**

The facts alleged in the SATPC are assumed to be true for purposes of these motions. Jennings hired The Miller Contracting Group ("Miller") to be the general contractor for renovations of his condominium unit, Unit 1301, at the Warrington. Miller, in turn, subcontracted

with C&S to perform certain renovation work. Before beginning renovations, Jennings entered into a letter agreement with David Nelson, the President of the Warrington Condominium Association, to obtain approval for the renovations. ECF 47-4. That letter agreement was addressed to:

> Larry E. Jennings, Jr.
> Keun Majin LLC
> XXXXXXX PO Box 16316
> Baltimore, MD 21210[1]

*Id.* The letter began "Dear Larry," and stated, in relevant part, "Because the manner of your intended implementation is relevant to the Board's approval process, we want to make sure we understand correctly your planned mode of implementation and your willingness to mitigate the impact of your activities on the building and its other residents." *Id.* It continues, "You recognize your planned construction will impact the Warrington and its other residents, and you and The Miller Contracting Group agree: 1) to follow the guidelines in Section VIII of the Warrington's Rules and Regulations, 2) to keep the Warrington code compliant during the construction process, and 3) to limit and mitigate any negative impact of your construction project, to the extent reasonably possible." *Id.* Among other agreed steps, Jennings agreed in the letter agreement to:

- Cover the costs of any damage resulting from any leaks or other problems arising from construction.

- Reimburse The Warrington for any additional costs it incurs that is related to construction in Unit 1301, including (but not limited to) the cost of any additional staff time, the cost of any damage to the freight elevator, common areas and other unit owner's premises.

---

[1] Although the SATPC makes reference to the letter agreement and purports to attach it as Exhibit 1, ECF 34 ¶3, there is no exhibit filed with the SATPC. However, the letter agreement appears in the record at ECF 47-4.

*Id.*  The letter agreement is signed by Jennings, over the signature line "Larry Jennings, Jr." and by Michael Miller over the signature line "Michael Miller  The Miller Contracting Group."[2]  *Id.*

Sometime during December 2018 and January 2019, Miller "caused to remove or removed windows" in Jennings's condominium unit.  ECF 34 ¶ 15.  Because Baltimore experienced sustained freezing temperatures, the property experienced a severe water leak resulting in significant water damage to the Warrington.  *Id.* ¶¶ 16, 17.  Plaintiff, as the insurer of the Warrington, sued C&S and Miller for damages.  ECF 24.  C&S, in the SATPC, asserts in relevant part claims for contribution and indemnification against Jennings (Counts V and VI) and Keun Majin LLC (Counts IX and X).  In support of those claims, C&S asserts that it "was a forseeable [sic] beneficiary of the contract between David Nelson, Third-Party Defendant, Larry E. Jennings, Jr., Third-Party Defendant Michael Miller d/b/a The Miller Construction Group and Third-Party Defendant Keun Majin, LLC."  ECF 34 ¶ 4.  C&S further alleges that Jennings executed the letter agreement "in proper person and as a representative of Third-Party Defendant, Keun Majin, LLC, a Maryland Corporation that conducts business in Baltimore, Maryland."  *Id.* ¶ 6.  The SATPC does not include any factual allegations suggesting negligent conduct by Jennings or Keun Majin.

## II.   LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss.  *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).  A Rule 12(b)(6) motion constitutes an assertion

---

[2] This fact undermines C&S's conclusory assertion that Keun Majin was somehow party to the letter agreement.  The sole reference to Keun Majin is in the address block.  ECF 47-4.  The letter is addressed, "Dear Larry" and is executed by Jennings as an individual, as opposed to the execution by Michael Miller over the name of his company.  *Id.*  Regardless, as described below, dismissal of the claims against Keun Majin is appropriate for other reasons.

by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'"); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co.*, 637 F.3d 435 at 440 (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III.  ANALYSIS

#### A. Contribution claims

Although the SATPC asserts both indemnification and contribution claims, the parties' briefing focuses almost exclusively on indemnification, though Jennings and Keun Majin seek dismissal of all claims. Jennings does argue, however, that he "had no active role in the installation and/or modification of the water pipes at issue, nor was he responsible for the removal of windows during cold and/or subfreezing temperatures." ECF 47-1 at 4.

Ultimately, the SATPC fails to plausibly allege that either Jennings or Keun Majin engaged in any negligent act, so as to establish a premise for a contribution claim against them. The conclusory reference that "the agent(s) and/or employee(s) of Third-Party Defendant, Larry E. Jennings, Jr." removed windows from the property, ECF 34 ¶ 38, is inconsistent with the actual factual allegations in the SATPC, which state that the windows were removed or caused to be

removed by Miller, *id.* ¶ 15. Because contribution is a right recognized among joint tortfeasors, the absence of any factual allegation to plausibly make Jennings or Keun Majin a joint tortfeasor is fatal to C&S's contribution claim. *See* Md. Code. Ann. Cts. & Jud. Proc. § 3-1402(a).

### B. Indemnification claims

C&S cannot seek tort indemnity in this case, as Maryland law is clear that "one who is guilty of active negligence cannot obtain tort indemnification." *Pulte Home Corp. v. Parex, Inc.*, 403 Md. 367, 382-83 (2008) (citing *Franklin v. Morrison*, 711 A.2d 177, 182 (1998)). The only claim Plaintiff asserts against C&S is a claim for negligence. ECF 24. Thus, C&S will only be liable in this case if it is determined to have been negligent, and if it is determined to be negligent then it cannot recover from the Third-Party Defendants. Equitable indemnity is intended to protect a person or entity who "without fault" becomes liable for the conduct of another and thus is not applicable where the party seeking indemnification can only be deemed liable for acting negligently and thus, necessarily, with some degree of fault. *See Pulte*, 403 Md. At 382-83; *see also Pac. Indem. Co. v. Whaley*, 560 F. Supp. 2d 425, 431-32 D. Md. 2008) ("[I]f the conduct attributed to the party seeking indemnification in the original plaintiff's complaint constitutes active negligence, or if it is clear from the complaint that this party's liability would only arise from proof of active negligence, then there is no valid claim for indemnity.").

To the extent C&S seeks contractual indemnification based on a notion that the letter between Jennings and the Warrington Condominium Association provided for the Third-Party Defendants to cover the cost of leaks and other problems arising from construction, the plain language of the letter agreement bars a finding that C&S qualifies as a third-party beneficiary. As the Maryland Court of Appeals has summarized:

> At common law, only a party to a contract could bring suit to enforce the terms of a contract. The common law rule has expanded to permit third-party beneficiaries

6

> to bring suit in order to enforce the terms of a contract. An individual is a third-party beneficiary to a contract if the contract was intended for his or her benefit and it clearly appears that the parties intended to recognize him or her as the primary party in interest and as privy to the promise. It is not enough that the contract merely operates to an individual's benefit: An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee.

*CR-RSC Tower I, LLC v. RSC Tower I, LLC*, 429 Md. 387, 457 (2012) (quoting *120 W. Fayette St., LLLP v. Mayor of Balt.*, 426 Md. 14, 35-36 (2012)). In determining whether C&S is an intended beneficiary of the agreement, C&S points to the fact that "the parties here did not include express terms to the Agreement which would bar a third-party beneficiary from enforcing its terms," ECF 50-1 at 6, but that misunderstands the relevant inquiry. It is not whether the parties explicitly rejected the possibility of a third-party beneficiary. Instead the "crucial fact" in distinguishing between an incidental and an intended beneficiary is whether the pertinent contractual provisions were "inserted . . . to benefit" the third party. *Lovell Land, Inc. v. State Highway Admin.*, 408 Md. 242, 261, 265 (2009). Another factor to consider is whether the third party is named in the contract. *Id.* at 265.

Under those standards, C&S would at best be an incidental beneficiary, if it can be viewed as a beneficiary to the letter agreement at all. C&S's argument that because it was the contractor who performed the repairs, the parties surely intended to confer the benefit of the contract upon it, ECF 50-1 at 5, is conclusory at best and runs counter to a plain reading of the contract. C&S is not named or mentioned even once in the letter agreement, which expressly states in several places that it is intended to protect the interests of the Warrington and its residents. Jennings's and Miller's agreement to "cover the cost of any damage" is expressly intended to protect the Warrington from having to assume such cost. There is no suggestion that the protection of Miller's subcontractors was contemplated in any way, and it certainly does not "clearly appear that the

7

parties intended to recognize" C&S as "the primary party in interest." As such, C&S's claim for contractual indemnification, like its claim for tort indemnification, cannot lie.

## IV. CONCLUSION

For the reasons set forth above, the Motions to Dismiss, ECF 47 and 48, are GRANTED and the claims against Jennings and Keun Majin in the SATPC are dismissed without prejudice. A separate implementing Order follows.

Dated:  April 23, 2021                                              /s/
                                                          Stephanie A. Gallagher
                                                          United States District Judge